ANTHONY R. RIZZO *vs.* JOHN J. D'AMBROSIO & another. May 16, 1974. Petitions for the allowance of three successive wills executed by John D'Ambrosio on December 12, 1966, August 21, 1968, and October 8, 1968, respectively, were heard together with a bill in equity brought by the special administrator of the estate to recover certain property belonging to the estate. The proponents of the

second will appeal from final decrees disallowing that will and allowing the first will. The third will was also disallowed. We have the judge's report of material facts and a full transcript of the testimony before us, but though it is our duty to examine the evidence and decide the case upon our own judgment, we do not reverse findings of the judge based upon oral testimony unless convinced that they are plainly wrong. *Cox* v. *Wall,* 343 Mass. 542, 543 (1962). *Consent to Adoption of a Minor,* 363 Mass. 537, 539 (1973). There was uncontradicted evidence that the decedent was mentally competent at the time the first will was executed in 1966. However, the deceased's family physician, his then attorney, and his niece, all of whom had remained in close contact with the decedent for many years, testified that his mental and physical condition deteriorated rapidly commencing in late 1967 so that by 1968 he displayed considerable confusion of thought and suffered from the delusion that his niece was poisoning him. That evidence warranted the judge's conclusion that the deceased lacked the requisite soundness of mind at the time the second will was executed. See *Duchesneau* v. *Jaskoviak,* 360 Mass. 730, 732-733 (1972). The proponents of the second will failed to demonstrate the deceased's "freedom from delusion which is the effect of disease or weakness and which might influence the disposition of his property." See *Goddard* v. *Dupree,* 322 Mass. 247, 247-248, 250 (1948); *Tarricone* v. *Cummings,* 340 Mass. 758, 761 (1960). Here, the decedent's delusion that he was being poisoned by his niece concerned the very person who, as she had been rendering him daily care and assistance for more than ten years, would seem to have had the greatest claim to his bounty. Contrast *Wellman* v. *Carter,* 286 Mass. 237, 247 (1934). Because the proponent of the third will, who is also the defendant to the bill in equity, has not submitted a brief, we decline to disturb the decrees entered on those matters. Rule 1:13 of the Appeals Court, 1 Mass. App. Ct. 889 (1972). *Leone* v. *Doran,* 363 Mass. 1, 3-4 (1973).

*Decrees affirmed.*

*George O. Gregson* for John J. D'Ambrosio & another.
*John A. McNiff* for Anthony R. Rizzo.